IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

TIGIST GUEBREYES,                                   :          CHAPTER 13

Debtor

: BANKRUPTCY NO. 16-14007

SECOND AMENDED CHAPTER 13 PLAN OF THE DEBTOR

1. If the Debtor's estate were liquidated under Chapter 7 of the Bankruptcy Code, unsecured creditors would not receive any payments. These creditors would not receive less under this Plan.

2. The Debtor shall submit to the supervision and control of the Trustee payments in the total amount of $2655 through September, 2017; will not remit any payments from October, 2017, through March, 2018, when she is obliged to make additional payments to her first mortgagee; and thereafter will make payments of $1500 monthly for the final 39 months of this 60-month plan, beginning in April, 2018.

3. The various claims of the Debtor's creditors are classified in this Plan as follows:

A. Class One: Claims filed and allowed which are entitled to priority. These claims include the priority claims of the Pennsylvania Department of Revenue of $296.86, the priority claim of the Internal Revenue Service of $1757.09, the balance of attorney's fees and costs due to the Debtor's counsel, and the trustee's commissions.

B. Class Two: The claim for arrears on the first mortgage on the Debtor's residence at 1336 Kimberly Drive, Philadelphia, PA. 19151 ("the Home"), held US Bank, National Association, as Trustee for a certain trust ("USB"). The Debtor resumed her regular mortgage payments directly to USB beginning in November, 2016. The Debtor also has submitted an application for a loan modification. If this application is successful, the Debtor will pay this party in accordance therewith. If this application is unsuccessful, the Debtor will have sufficient funding in this plan to pay all of her secured and priority creditors.

C. Class Three: The claims for mortgages subordinate to that of USB against the Home asserted by the Pennsylvania Housing Finance Agency and Citizens Bank. An adversary proceeding has been successfully filed to avoid the alleged security interests existing and reclassify these claims as totally unsecured, and hence these claims will be treated the same as Class Five claims.

D.  Class Four:  The secured claim of the City of Philadelphia Water Revenue Bureau of $483.66, which is the only claim of the City that will be paid or recognized by the Debtor.

E.  Class Five:  Any other claims filed and ultimately allowed.

5. The payments received by the Trustee from the Debtor shall be distributed to allowed Class One claims and the Class Four claim, the allowed arrears on Class Two claims, and the balance to Class Three and Class Five claims pro rata.

6. Title of all property of the estate shall revest in the Debtor upon confirmation of a Plan, and the Debtor shall have the sole right to the use and possession of same.

7. Upon application, the Debtor may alter the amount and timing of payments under this Plan.

8. The automatic stay shall remain in full force and effect until this case is closed or if relief is granted to any interested party.

9. The Debtor will receive a discharge of all of her dischargeable debts in this case, upon completion of all payments due under the terms of a confirmed plan.

Dated:  9-30-17

/s/ _____

    David A. Scholl

    Attorney for Debtor